### BUEL v. METCALF. — IN ERROR.

Goods are taken by attachment and delivered to B., he promises to redeliver them on demand; if they be not demanded within sixty days after final judgment in the action on which they are attached, B. may restore them to the original owner, and shall not be liable on his promise to the officer.

METCALF brought his action against Buel, to the Court of Common Pleas, on a receipt executed by the defendant to the plaintiff, as constable, for goods taken by attachment, containing a promise to redeliver said goods on demand, for the purpose of responding the judgment on the writ of attachment.

The defendant pleaded, that he held said goods, and was ready to redeliver them to the plaintiff at all times, until the expiration of more than sixty days after final judgment on said writ of attachment; that no demand was made for said goods, and in consequence of the premises, he restored them to the original owner.

On demurrer to this plea, judgment was rendered for the plaintiff.

The plaintiff in error took two exceptions to this judgment —

1. That the declaration was insufficient, as it appeared from the face of it, that execution was not issued till more

than sixty days after final judgment was rendered, and, therefore, the estate taken was discharged, and the defendant not holden to deliver it.

2. That the plea contained ample matter to discharge the defendant from his liability to said suit.

The judgment was reversed.

By the whole COURT. The execution was not taken out till more than sixty days after the judgment, beyond the expiration of which time the attachment could not hold the property, and it became thereupon the duty of the officer, or of whoever held the property under him, to restore it to the debtor (as the receiptman has done) and he would have been liable in trover had he refused.